**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **WOODLEY GEINCHARLES,**<br><br>**Petitioner,**<br><br>v.<br><br>**JASON BENZEL, *et al.*,**<br><br>**Respondents.** | **Case No. 26–cv–06376–ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Woodley Geincharles's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Second Petition). (ECF No. 1.) Respondents oppose the Second Petition. (ECF No. 7.)

1. Petitioner is a citizen of Haiti. (ECF No. 1 ¶ 1.) The Department of Homeland Security (Department) detained petitioner on or about March 16, 2025. (*Id.* ¶ 15.) He is presently detained in the Elizabeth Detention Center. (*Id.* ¶ 1.)

2. Petitioner argues that his detention has become overly prolonged in violation of his due process rights. (*Id.* ¶¶ 46, 47, 48, 49, 50.) He requests release from custody or, in the alternative, a bond hearing. (*Id.* p. 28.)

3. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

4. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

5. The parties agree that 8 U.S.C. § 1225(b) governs petitioner's detention. (ECF No. 1 ¶ 21; ECF No. 7 p. 1.) "Noncitizens who are detained

pursuant to §1225(b) have no statutory right to a bond hearing. However, noncitizens who are subject to prolonged detention may be entitled to a bond hearing should their detention become so prolonged as to become arbitrary." *Khan v. Soto*, No. 26–cv–00856, 2026 WL 468203, at *2 (D.N.J. Feb. 19, 2026) (citing *Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

6. "The Supreme Court and the Third Circuit have not directly addressed the extent of due process rights for noncitizens detained pursuant to §1225(b), but other district courts have applied the standard the Third Circuit announced in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020) in considering a due process challenge to prolonged detention pursuant to 8 U.S.C. §1226(c)." *Id.* (citing *Rodriguez Chavez v. Holman,* No. 1:25–cv–00267, 2026 WL 136902, at *3 (W.D. Pa. Jan. 20, 2026); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442–43 (D.N.J. 2019)).

7. I am persuaded by the reasoning of these courts and conclude that the *German Santos* factors should be applied to petitioner's prolonged detention claim. These factors are: "(1) the duration of the petitioner's detention; (2) the likelihood of continued detention; (3) the reasons for any delay; and (4) the conditions of the petitioner's confinement." *Rodriguez Chavez*, 2026 WL 136902, at *3 (citing *German Santos*, 965 F.3d at 212).

8. "The most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. Petitioner has been detained since March 16, 2025. (ECF No. 1 ¶ 15). "Detention of this duration substantially exceeds the allowable periods the Supreme Court has described as typical when upholding mandatory detention statutes against facial challenge." *Ibrahim v. Rokosky*, No. 25–cv–17189, 2026 WL 296506, at *3 (D.N.J. Feb. 4, 2026).

9. I conclude that the second factor weighs in petitioner's favor. Petitioner filed an appeal with Board of Immigration Appeals (BIA) on October 29, 2025, and that appeal remains pending. (ECF No. 1 ¶ 15.) As of January 26, 2026, the BIA had 219,945 pending appeals, a number that has likely increased since that date. *See* Executive Office for Immigration Review Workload and Adjudication Statistics, available at https://www.justice.gov/eoir/workload-and-adjudication-statistics (last visited June 9, 2026).

10. In a prior case, respondents described the current circumstances as an "unprecedented period of immigration filings in one of the hardest hit districts in the country." Letter of Jordan Fox, Chief of Staff & Associate Deputy Attorney General, *Kumar v. Soto*, No. 26–cv–00777 (D.N.J. Feb. 13, 2026) (ECF No. 21). Given the influx of immigration habeas cases filed in this District and throughout the country, petitioner's appeal may take many months to resolve. "[I]f the BIA rejects his appeal, he has the right to petition for

judicial review. 'When the [noncitizen's] removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable.'" *Rodriguez Chavez*, 2026 WL 136902, at \*3 (quoting *German Santos*, 965 F.3d at 211).

11. Petitioner also has a pending application for temporary protected status. (ECF No. 1 ¶ 16.) This application has also been pending for several months. (*Id.*)

12. There is no evidence in the record that either party caused unnecessary delays in petitioner's removal proceedings by making "careless or bad-faith errors." *German Santos*, 965 F.3d at 211 (cleaned up). Therefore, I consider the third factor to be neutral.

13. I conclude the final factor, the conditions of confinement, to weigh in petitioner's favor. Petitioner asserts that confinement in the Elizabeth Detention Center is "indistinguishable from criminal punishment." (ECF No. 1 ¶ 24.) He states that his nutritional needs are not being met and that he lacks access to necessary hygiene products. (*Id.* ¶¶ 24, 26.) Other courts in this District have noted that Elizabeth Detention Center has "jail-like settings" and the "conditions of confinement are not 'meaningfully different' from criminal punishment." *Mashchenko v. Rokosky*, No. 25–cv–12387, 2026 WL 185204, at \*4 (D.N.J. Jan. 25, 2026).

14. Respondents do not meaningfully address this argument; instead, they argue that petitioner's conditions of confinement claim is not appropriately considered in a habeas action. (ECF No. 7 p. 4.) Their argument is unpersuasive as the Second Petition is not a challenge to the conditions of petitioner's confinement like in *Hope v. Warden York Cnty. Prison*, 972 F.3d 310 (3d Cir. 2020). Instead, the conditions are a singular factor to be considered within the context of *German Santos*.

15. "The determination on reasonableness of detention is 'highly fact specific.'" *Khan v. Soto*, No. 26–cv–00856, 2026 WL 468203, at \*3 (D.N.J. Feb. 19, 2026) (quoting *Dryden v. Green*, 321 F. Supp. 3d, 496, 502 (D.N.J. 2018)).

16. After considering the record and totality of the circumstances, I find that petitioner's detention has become unreasonably prolonged and amounts to an arbitrary deprivation of his liberty. Specifically, I rely on the length of petitioner's detention, the probability that his detention will continue given the substantial immigration filings before the BIA and courts of appeals, and the conditions of confinement at the Elizabeth Detention Center.

Accordingly,

**IT IS** on this   **9th** day of **June 2026**   **ORDERED** that:

1.      Petitioner's Second Petition is **GRANTED**.   Respondents shall provide petitioner with an individualized bond hearing before an immigration judge within **7 days** of this Order.   Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2.      Petitioner, or his counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking court intervention.   The rescheduled date may be outside of the 7-day period at petitioner's request.

3.      Respondents shall bear the burden at the hearing of establishing by clear and convincing evidence that petitioner's continued detention is necessary because he poses a flight risk or danger to the community, *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

4.      The Clerk shall **CLOSE** this matter.   Petitioner may move to reopen the proceedings if necessary

   */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

4