# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WOODLEY GEINCHARLES,<br><br>Petitioner,<br><br>v.<br><br>JASON BENZEL, *et al.*,<br><br>Respondents. | Case No. 26–cv–06376–ESK<br><br><br>OPINION AND ORDER |

**THIS MATTER** is before the Court on petitioner Woodley Geincharles's motion to reopen the proceedings (Motion to Reopen) (ECF No. 10) and motion to enforce this Court's judgment (Motion to Enforce) (ECF No. 11). Respondents oppose both motions. (ECF No. 15.)

1. Petitioner is a citizen of Haiti. (ECF No. 1 ¶ 1.) The Department of Homeland Security (Department) detained petitioner on or about March 16, 2025. (*Id.* ¶ 15.) He has been detained in the Elizabeth Detention Center since that time. (*Id.*)

2. On June 9, 2026, I granted petitioner's second petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 9.) I concluded that petitioner's detention had "become unreasonably prolonged and amounts to an arbitrary deprivation of his liberty." (*Id.* ¶ 16.)

3. I ordered respondents to provide petitioner with an individualized bond hearing before an immigration judge at which respondents would bear the burden of proving by clear and convincing evidence that petitioner's continued detention was necessary. (*Id.* p. 4 (citing *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).)

4. Petitioner filed his motions on June 30, 2026. (ECF Nos. 10, 11.) He argued that respondents did not comply with my order because the immigration judge "failed to hold the government to a clear and convincing standard and relied entirely on outdated, legally insufficient and speculative evidence submitted by the government, and disregarded rebuttal evidence submitted by Mr. Geincharles, to find that he was a flight risk." (ECF No. 11 p. 2.) He relied in part on the immigration judge's June 18, 2026 order denying

bond because petitioner "has not met his burden of establishing that he is not a danger to the community." (ECF No. 11–3 p. 2.)

5. Respondents oppose the Motion to Enforce, asserting that the order contained an error and did not reflect the true holding of the immigration judge. (ECF No. 15 p. 2.) They subsequently filed an amended order stating that the Department had "met its burden to establish that [petitioner] is a flight risk." (ECF No. 17–1 p. 1.)

6. Respondents also argue that I lack jurisdiction to review the bond hearing determinations of the immigration judge pursuant to 8 U.S.C. § 1226(e). (ECF No. 15 p. 5.)

7. "[D]istrict courts have continuing jurisdiction to address alleged noncompliance with writs of habeas corpus." *Santos v. Lowe*, No. 1:18–cv– 01553, 2020 WL 4530728, at *2 (M.D. Pa. Aug. 6, 2020) (citing *Gibbs v. Frank*, 500 F.3d 202, 205 (3d Cir. 2007)).

8. "While factual questions raised in an application for discretionary relief are unreviewable, a district court may review a habeas challenge to an immigration judge's application of a legal standard—such as dangerousness or risk of flight—to determine whether an immigration judge correctly applied the legal standard to a given set of facts." *Segura Serrano v. Scott*, No. 2:26–cv– 01268, 2026 WL 1674357, at *5 (W.D. Wash. May 26, 2026) (cleaned up).

9. The corrected order of the immigration judge reads as follows: "The Court has held an individualized bond hearing under 8 USC Section 1226(a), as directed by order of the district court. [The Department] has met its burden to establish that the [petitioner] is a flight risk." (ECF No. 17–1 p. 1 (citing *Matter of Guerra*, 24 I & N 37 (BIA 2006).)

10. The immigration judge's statement that the hearing was conducted pursuant to § 1226(a) reflects a fundamental misunderstanding of my order. Petitioner is not, and never has been, detained pursuant to § 1226(a). It is undisputed that 8 U.S.C. § 1225(b) governs petitioner's detention. (ECF No. 1 ¶ 21; ECF No. 7 p. 1.) This distinction matters, and I could not have ordered respondents to provide petitioner with a bond hearing pursuant to a statute that does not apply to him.

11. Even if I were to set aside the statements that the immigration judge considered the hearing to be pursuant to § 1226(a), the record demonstrates that the immigration judge did not comply with the order to provide petitioner with an individualized hearing.

12.    The immigration judge made the following findings as to petitioner's flight risk:

> [U]nder *Guerrera*, I am to look at certain particular factors, one of which is entry, which we see in August 6th of 2021.    I realize there are some subsequent matters after that, but he did enter without official papers and then there were certain documents after that. But I give that some weight.    But I also certainly, the most weight I give is that he has already had a hearing on the merits in regards to his allegation.    Judge Wilson has made a determination that he is to be removed to Haiti.    I don't need to go into the reasons.    I understand that the [Department] made argument in regards to the credibility from that.    I'm not taking that into my decision in any matter.    I'm only taking the fact that the fact that he's had … the fact that he's had a decision on the merits and that's been decided, is enough for me to feel that he has … has been shown clearly and convincing that he is a flight risk because in the event that he was released, there's no motivation for him to stay.    And that's very important on under [*Guerrera*], in that particular case.    So, I do feel that the [Department] has met their burden on that particular prong. (ECF No. 15–1 pp. 10, 11 (ellipses in original).)

13.    Respondents    were    ordered    to    provide    petitioner    with    an individualized bond hearing, but the immigration judge concluded petitioner was a flight risk based only on factors "that are common to virtually all immigration detainees that are subject to prolonged detention, *i.e.*, the existence of a removal order entered by an [immigration judge]."    *Wilkins v. Doll*, No. 1:17–cv–02354, 2018 WL 3388032, at *3 (M.D. Pa. July 12, 2018).

14.    The immigration judge specifically denied that his decision was based on a finding that petitioner was not credible.    (*See* ECF No. 15–1 p. 11 ("I understand that the [Department] made argument in regards to the credibility from that.    *I'm not taking that into my decision in any matter.*" (emphasis added))).

15.    The immigration judge emphasized that he concluded respondents had satisfied their burden based solely on the fact that petitioner had a removal order: "I'm only taking the fact that the fact that he's had … *the fact that he's had a decision on the merits* and that's been decided, *is enough for me to feel that he has … has been shown clearly and convincing that he is a flight risk* because in the event that he was released, there's no motivation for him to stay."

(*Id.* (emphasis added)). [1]  "Such a determination is not sufficiently individualized."   *Wilkins*, 2018 WL 3388032, at *3; *see also Segura Serrano v. Scott*, No. 2:26–cv–01268, 2026 WL 1674357, at *8 (W.D. Wash. May 26, 2026) ("But the fact of a removal order—or the lack of potential forms of relief for a potential future removal order—is not sufficient by itself to deny bond or establish flight risk." (cleaned up)); *Rosales v. Simon*, No. 1:26–cv–00086, 2026 WL 688858, at *5 (E.D. Va. Mar. 11, 2026) ("[A]n individual's bond hearing fails to comport with due process where an Immigration Judge relies on considerations that would lead to an automatic denial of bond in all cases." (internal quotation marks omitted).)

16.    Therefore, I find that the bond hearing did not comply with my order and will grant petitioner's motions.

17.    Respondents will be ordered to provide petitioner with a new bond hearing, before a different immigration judge, within 10 days.

18.    The bond hearing must be individualized to petitioner's current circumstances, and respondents shall bear the burden at the hearing of establishing by clear and convincing evidence that petitioner's continued detention is necessary because he poses a flight risk or danger to the community.[2]

19.    "Clear and convincing evidence is evidence that is so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue."   *Howland v. Cincinnati Ins. Co.*, 702 F. Supp. 3d 335, 346 (E.D. Pa. 2023) (cleaned up).

Accordingly,

**IT IS** on this   **27th** day of **July 2026   ORDERED** that:

1.    The Motion to Reopen at ECF No. 10 is **GRANTED**.   The Clerk shall REOPEN the proceedings.

2.    The Motion to Enforce at ECF No. 11 is **GRANTED**.

---

[1] Petitioner filed an appeal of this decision on October 29, 2025.   (ECF No. 1. ¶15.)   According to petitioner, the appeal is still pending.   (ECF No. 11 p. 4.)

[2] I emphasize that I make no findings as to whether petitioner is in fact entitled to bond and that my findings are limited to concluding that the immigration judge did not comply with the prior order to provide petitioner with an individualized hearing.

5

3.    Respondents shall provide petitioner with an **individualized** bond hearing before a **different** immigration judge within **10 days** of this Order. Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

4.    Petitioner, or his counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking court intervention.   The rescheduled date may be outside of the 10-day period at petitioner's request.

5.    Respondents shall bear the burden at the hearing of establishing by clear and convincing evidence that petitioner's continued detention is necessary because he poses a flight risk or danger to the community, *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

6.    The Clerk shall **CLOSE** this matter.


    */s/ Edward S. Kiel*
    **EDWARD S. KIEL**
    **UNITED STATES DISTRICT JUDGE**

5